UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TIMOTHY E. ROBERTSON     DOC #92760 | : | CIVIL ACTION NO. 14-448               SECTION P |
| VERSUS | : | JUDGE MINALDI |
| ALLEN CORRECTIONAL CENTER | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Timothy E. Robertson ("Robertson").  Robertson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC") and is incarcerated at Lafourche Parish Work Release Facility in Raceland, Louisiana.  At the time of filing, Robertson was housed at Allen Correctional Center ("ACC") in Kinder, Louisiana, and he complains of events that occurred at that facility.

Plaintiff names ACC as the sole defendant in this matter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE.**

## I.
### *Background*

Robertson alleges that his civil rights were violated because he was denied proper medical care.  More specifically, he claims that shortly after his arrival at ACC in 2007 he contracted a staph infection from a spider bite.  Doc. 1, att. 2, p. 2.  However, upon presenting to

the ACC infirmary he claims that he was yelled at and threatened by the nurses who told him that his bite was actually a boil.  The nurses told Robertson that there was nothing that they could do for the boil and sent him back to his housing unit.  *Id*.

In September os 2010 Robertson got two more boils, and was again yelled at and threatened when he went to the infirmary.  Doc. 1, att. 2, p. 3.  He was given hygiene and boil sheets, and was instructed to follow the procedures listed thereon.  *Id*.  The boils eventually healed. *Id*.  Robertson got another boil in early November 2012 but he did not go to the infirmary given the manner in which he had been treated in the past.  *Id*.  Rather, he treated the boil as directed on the boil sheet and it healed.  *Id*.  A couple of weeks later Robertson got two more boils.  *Id*.  He again opted not to go to the infirmary because of being treated poorly in the past.  *Id*.  He began treating the boils as per the boil sheet protocol but by November 19, 2012, his hand was very swollen.  *Id.*  He showed his hand to Captain Wharton and was called to the infirmary the next morning.  *Id.*  Robertson was sent to Huey Long Hospital in Pineville, Louisiana where he stayed from November 20, 2012 through December 25, 2012.  Doc. 1, att. 2, p. 4.  Robertson states that his condition necessitated five surgeries on his left hand.  *Id.* Upon his return to ACC, Robertson claims that he went approximately ten days without being given antibiotics, causing an infection in his surgical wounds.  *Id.*

Robertson filed two grievances concerning this matter.  Doc. 1, att. 2, pp. 1-9; Doc. 1, att. 2, pp. 13-15.  Both were denied at the second step level on July 22, 2013.  Doc. 1, att. 2, p. 20.

As a result of the above, Robertson claims that his left hand is weak and that his left thumb does not bend.  Doc. 1, att. 2, p. 4.  As relief, he seeks an unspecified amount of monetary damages.  *Id.* at p. 4.

## II.
## *Law and Analysis*

### A. *Frivolity Review*

Robertson has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a

person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

The court is convinced that Robertson has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleading would serve no useful purpose. Thus, accepting Robertson's allegations as true, the court concludes that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

### 1. *Improper Defendant*

Allen Correctional Center, Robertson's sole defendant, is not a proper party to this suit. Federal Rules of Civil Procedure Rule 17(b) provides that the capacity to sue or be sued is determined "by the law of the state where the court is located." Thus, Louisiana law governs whether ACC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." La. Civ. Code Ann. art. 24. This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." *Id.* In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). In other words, the State of Louisiana has not granted juridical status to ACC.

Thus, Robertson's suit against this non-juridical entity fails to state a claim upon which relief can be granted and should be dismissed.

### 2. *Medical Care Claims*

Even if Robertson had named a proper defendant, his complaint would still be subject to dismissal as his claims do not establish a violation of his constitutional rights.

More specifically, Robertson claims that his medical care was inadequate. Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas,* 245 F.3d 447, 458–59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson,* 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner," and so the prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 103 & 106; *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). The official must have a subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003). Said another way,

deliberate indifference, i.e., a subjective intent to cause harm, cannot be inferred from a prison official's failure to act reasonably. *Hare,* 74 F.3d at 649.

Further, the fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997). In *Woodall v. Foti,* 648 F.2d. 268, 272 (5th Cir.1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. Additionally, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. M*ayweather v. Foti,* 958 F.2d 91 (5th Cir.1992).

Robertson has failed to present allegations of a subjective intent to cause harm in this matter. His dissatisfaction with his treatment plan does not render this a constitutional claim. The facts here do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. To the contrary, Robertson admits that he received medical care. The facts indicate that when he chose to go to the ACC infirmary he was soon transported to Huey Long Hospital for treatment. The evidence before the court simply does not support a finding of deliberate indifference.

## III.
### *Conclusion*

For reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE